**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

NORAY BAKLAYAN, ET AL., :
:
        Plaintiffs, :
:     Civil Action No. 11-3943 (CCC)
v. :
:     OPINION
ALFARO ORTIZ, ET AL., :
:
        Defendants. :

---

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the motion of Defendants Scott Weber and Ladeon Francis (collectively, "Defendants") to dismiss Plaintiffs Noray Baklayan ("Baklayan") and Talar Baklayan's ("Plaintiff Wife") (collectively "Plaintiffs") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has considered the submissions made in support of and in opposition to the instant motion. For the foregoing reasons, Defendants' motion to dismiss is granted. Counts Four through Seven of Plaintiffs' claims are dismissed without prejudice, and Count Eight is dismissed with prejudice.[1]

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

II.  **FACTS AND PROCEDURAL HISTORY**

The facts of this matter were previously recounted in the Court's Opinion, dated April 5, 2012, granting the motion to dismiss filed by now-dismissed Defendants Ortiz and Pringle, However, for purposes of clarity, the Court will recount the pertinent facts.

Plaintiff Noray Baklayan is a naturalized U.S. citizen. (Compl. ¶ 5).  He is originally from Lebanon, but entered the United States with his family when he was six years old in 1977. (Compl. ¶ 6). Mr. Baklayan's wife, Talar Baklayan is also a plaintiff in this matter. (Compl. ¶ 9).

Defendant Scott Weber is the Field Office Director of the ICE Office of Detention and Removal in Newark, New Jersey. (Compl. ¶ 15). Plaintiffs assert that Defendant Weber, "acting under color of federal law," is "responsible for ensuring compliance with immigration laws and procedure and "assessing the need for additional training and/or guidance." (Compl. ¶ 16). Defendant Weber is being sued in his individual capacity.

Defendant Ladeon Francis is an Immigration Enforcement Agent in ICE's Office of Detention and Removal in Newark, New Jersey. (Compl. ¶ 17). Plaintiffs claim that Defendant Francis, also "acting under color of federal law," performs "enforcement functions related to the investigation, identification, arrest, prosecution, detention and deportation of aliens, and the preparation of absconders from removal proceedings." (Compl. ¶ 18.)  Defendant Francis is being sued in his individual capacity.

The relevant arrest and detention began on January 7, 2010, at approximately 4 p.m. (Compl. ¶ 21). Baklayan was driving his vehicle on the New Jersey Garden State Parkway when he was stopped by a New Jersey Highway Patrol Trooper for allegedly talking on a handheld cell phone while driving. (Compl. ¶ 22).  The State Trooper ran a check on Baklayan's driver's

license and license plate. (Compl. ¶ 25). The check revealed an outstanding warrant for Baklayan's arrest in the State of Missouri. (Compl. ¶ 26). Baklayan was then placed under arrest and transported to the Bloomfield Police Station on the Garden State Parkway in Essex County, where he was detained for fingerprinting and photographs. (Compl. ¶ 35). A few hours later, Baklayan was transferred to the Essex County Jail. (Compl. ¶ 34). The Complaint alleges that jail personnel did not make a note of Baklayan's anti-inflammatory medication. (Compl. ¶ 36). The Complaint further alleges that Baklayan was denied his anti-inflammatory medication by a correctional officer, and that he was forced to sleep on the floor because there were not enough beds. (Compl. ¶¶ 40-48).

The next day, on January 8, 2010, Baklayan's New Jersey counsel telephoned the Essex County Jail to provide notice of representation. (Compl. ¶ 55). During the same conversation, counsel advised jail personnel of Baklayan's citizenship status, and offered to present Baklayan's valid U.S. Passport in person. (Compl. ¶ 57). According to the Complaint, jail personnel declined to view Baklayan's passport. (Compl. ¶ 58).

At 1:20 p.m. on January 8, 2010, the St. Louis County Police Department transmitted an electronic message to the Essex County Jail, stating that the arrest warrant for Baklayan had been recalled by the St. Louis County Court. (Compl. ¶ 59, Ex 1). At about 2:30 p.m. on the same day, the Office of the Essex County Prosecutor transmitted a facsimile advising the jail that the warrant for Baklayan's arrest had been recalled. (Compl. ¶ 60, Ex. 2).

On January 9, 2010, counsel personally appeared at the Essex County Jail to request Baklayan's release. (Compl. ¶ 62). Jail personnel advised counsel that the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") had placed an immigration hold on Baklayan and, therefore, he could not be released. (Compl. ¶ 63). Counsel repeated his

statement that Baklayan was a naturalized U.S. Citizen, and that on account of his citizenship status he could not be subject to any immigration hold. (Compl. ¶ 66). Counsel also presented Baklayan's valid and current U.S. passport. (Compl. ¶ 67).

On January 11, 2010, after four days of incarceration at the Essex County Jail, ICE sent a facsimile to the jail stating that "a detainer will not be placed on [Baklayan]." (Compl. ¶ 72). On that same day, Baklayan was released. (Compl. ¶ 73).

On July 8, 2011, Plaintiffs filed a complaint in the United States District Court for the District of New Jersey, alleging violations of the U.S. Constitution, the New Jersey Constitution, the New Jersey Law Against Discrimination, and New Jersey common law. (Compl. ¶¶ 88, 97, 106, 109, 116, 127, 128.) As noted, on April 5, 2012, the Court dismissed Plaintiffs' claims against Defendants Alfaro Ortiz and Stephen Pringle. Thereafter, on April 23, 2012, Plaintiffs notified the Court that they had reached an agreement with Defendants Weber and Francis to dismiss Counts One and Two of the Complaint. (See Docket Entry No. 39). As Defendants Weber and Francis are not the subject of Count Three, the claims which remain pending, and which Defendants seek to dismiss, are Counts Four through Eight.

### III.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court is required to accept as true all allegations in the complaint and to view all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). To survive a motion to dismiss, a complaint must state a plausible claim for relief. Iqbal, 129 S. Ct. at 1950. The

complaint need not provide detailed factual allegations, however, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Thus, assuming that the factual allegations in the Complaint are true, those "allegations must be enough to raise a right to relief above a speculative level." Id.

IV.   DISCUSSION

   A.   **Counts Four and Five - Violation of 42 U.S.C. § 1983**

Counts Four[2] and Five[3] of the Complaint allege violations of 42 U.S.C. § 1983. In his opposition to the instant motion, Plaintiff concedes that Defendants are not subject to liability under Section 1983 because they are federal – rather than state – actors. Plaintiff contends in his opposition brief, however, that Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides a "basis for a viable cause of action against federal officials (like Defendants) who violate an individual's constitutional rights under color of federal law." (Pl. Opp'n. Br. 2).

Plaintiffs' Complaint is devoid of any reference to Bivens. Rather, Counts Four and Five expressly cite Section 1983 as the basis for the requested relief. The Third Circuit has made clear that a plaintiff may not amend his complaint through arguments raised in an opposition brief. Bell v. City of Philadelphia, 275 F.App'x 157, 160 (3d Cir. 2008). Accordingly, to the extent Plaintiffs assert allegations under Bivens that were not pled in the Complaint, such a claim is not presently before the Court. As Counts Four and Five plead liability under Section 1983, and Plaintiffs concede that Section 1983 is not available against Defendants, Counts Four and

---

[2] Count Four is captioned "False Imprisonment in violation of 42 U.S.C. § 1983"
[3] Count Five is captioned "Violations of 42 U.S.C. § 1983 – Refusing or neglecting to prevent deprivation of plaintiff husband's constitutional and statutory rights, privileges and immunities."

5

Five are dismissed without prejudice. If Plaintiffs wish to amend their Complaint to state a <u>Bivens</u> claim, they may file an amended complaint within thirty (30) days of the date of this Order. However, Plaintiffs are cautioned to examine the contours of liability under <u>Bivens</u> before filing an amended pleading.[4]

**B.     Count Six - Violations of the New Jersey Constitution and Civil Rights Act**

In Count Six,[5] Plaintiffs allege numerous violations of the New Jersey Constitution and the New Jersey Civil Rights Act. (Compl. ¶ 116). The Complaint states that a "de facto policy" represented by "the actions and/or omissions of the defendants" caused these violations. (<u>Id.</u>) Count Six does not identify which Defendants it is referring to, nor does it provide anything more than the conclusory allegation that "illegal, unconstitutional and discriminatory acts . . . constituted acts of a <u>de facto</u> policy to discriminate, use unlawful force, falsely arrest and detain Baklayan." (Compl. ¶ 115).

The New Jersey Civil Rights Act ("NJCRA") provides a private right of action for claims based on "any substantive rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of [New Jersey] State." N.J.S.A. § 10:6-2 (2012). The NJCRA closely tracks the federal civil rights statutes, and courts interpret the statute "in terms nearly identical to its federal counterpart: Section 1983." <u>Chapman v. New Jersey</u>, No. 08-4130, 2009 U.S. Dist. LEXIS 75720, *7 (D.N.J. Aug. 25, 2009).

---

[4] Defendants also argue that they are entitled to qualified immunity from Plaintiffs' claims. Because the Court finds that the Complaint fails to state a claim, it need not reach whether Defendants enjoy qualified immunity in this case. Defendants may renew their arguments in this regard should Plaintiffs choose to file an amended complaint.

[5] Counts Six, Seven, and Eight of Plaintiff's Complaint allege state law claims. In their opposition brief, Plaintiffs contend that Counts Six through Eight are not the subject of the instant motion. However, Defendants clearly argue that such claims should be dismissed for failure to state a claim.

Both the NJCRA and Section 1983 premise liability on personal involvement in the alleged misconduct, and neither allow claims premised solely on respondeat superior. Didiano v. Balicki, No. 10-4483, 2011 U.S. Dist. LEXIS 41785, *31-32 (D.N.J. Apr. 18, 2011) ("In order to state . . . a claim against a supervisor for the actions of his or her subordinates under either § 1983 or the NJCRA, a plaintiff must allege that the supervisor was involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged.") (quoting Gilmore v. Reilly, No. 09-5956, 2010 U.S. Dist. LEXIS 35058, *6 (D.N.J. Apr. 9, 2010) (internal quotations omitted). Here, Plaintiffs merely assert that Defendants' actions "represent a de facto policy to deny [Baklayan] his rights to travel, equal protection, contract and privacy, in violation of … the New Jersey State Constitution … and the New Jersey Civil Rights Act." (Compl. ¶ 116).

Aside from these bald assertions, Plaintiffs do not allege any additional facts that might be relevant to Defendants' individual involvement in the alleged discriminatory policy. Plaintiffs also fail to allege any facts that suggest a discriminatory animus on the part of Defendants. The Court further notes that, although an opposition brief was submitted, Plaintiffs chose not to address Defendants' request to dismiss Count Six. Having reviewed the allegations in the Complaint, the Court concludes that Plaintiffs' assertions, offered without further factual delineation, are insufficient to support the inference that Defendants were personally involved in any discriminatory scheme. See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

### C. Count Seven - Violation of the New Jersey Law Against Discrimination

As discussed in the Court's April 5, 2012 Opinion, Count Seven appears to assert an equal protection claim, stating that "Defendants policies and practices resulted in Baklayan being

subjected to disparate treatment on the basis of race, ethnicity, and/or national origin."[6] (Compl. ¶ 123.) This claim is brought under the New Jersey Law Against Discrimination (NJLAD). N.J.S.A. § 10:5-1, et seq. Both municipal police departments and individual officers are "public accommodations" within the meaning of LAD. Ptaszynski v. Uwaneme, 371 N.J. Super. 333, 347, 853 A.2d 288 (App. Div. 2004); Jobes v. Moorestown Twp., No. 03-4016, 2006 U.S. Dist. LEXIS 78918, *30 (D.N.J. Oct. 19, 2006). To state an equal protection claim under the NJLAD, a plaintiff must present facts alleging that the individual Defendant's conduct had a discriminatory effect and that the conduct was motivated by a discriminatory animus. Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002); Anderson v. County of Salem, 2010 U.S. Dist. LEXIS 79119, *34 (D.N.J. Aug. 5, 2010) (using the equal protection standard to analyze a LAD claim for discriminatory arrest); Chisolm v. Manimon, 97 F. Supp. 2d 615, 621 (D.N.J. 2000) (courts use analogous federal antidiscrimination statutes to interpret LAD), rev'd on other grounds, 275 F.2d 315 (3d Cir. 2001); Rojas v. City of New Brunswick, Civ. No. 04-3195, 2008 U.S. Dist. LEXIS 57974. *91-92 (D.N.J. June 4, 2008) (noting that legal standards for a claim under the Equal Protection clause and the LAD are the same). To establish a discriminatory effect, a plaintiff must allege sufficient facts to support a finding that he or she was "a member of a protected class and that [he or she] was treated differently from situated individuals in an unprotected class." Anderson v. County of Salem, No 09-4718, 2010 U.S. Dist. LEXIS 79119, *34 (D.N.J. Aug. 5, 2010) (citing Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002)).

In the instant case, Baklayan alleges that he was detained pursuant to the ICE immigration hold, and that his detention was due to "his race, ethnicity and/or national origin." Baklayan further alleges that he was "subjected to disparate treatment on the basis of race,

---

[6] Once again, the Complaint fails to identify which Defendant it is referring to.

8

ethnicity and/or national origin." It is not entirely clear from the Complaint whether Baklayan is alleging that the ICE detainer itself was lodged with a discriminatory animus, or whether his detention – in accordance with the ICE detainer and despite presentation of a U.S. passport – was conducted with a discriminatory animus. As held in connection with the previous motion to dismiss in this case, under either claim Baklayan has failed to allege a sufficient factual basis to support a valid NJLAD claim against Defendants. Baklayan does not identify any causal connection between his alleged discriminatory detention and either Defendant. Baklayan has failed to provide any facts that would allow the court to infer that either of the Defendants had a discriminatory animus. Baklayan does not identify his protected class, nor does he provide any specific factual allegations to support the plausible inference that similarly situated persons who are not members of his protected class have been treated differently. Like Count Six, Plaintiffs chose not to counter Defendants' argument that Count Seven fails to state a claim. Count Seven is thus dismissed without prejudice.

### D. Count Eight - Loss of Consortium

Defendants argue that the Plaintiff Wife's loss of consortium claim should be dismissed because it is derivative of Baklayan's primary claims, all of which have been dismissed. Plaintiffs have elected not to offer a substantive response to Defendants' argument.

The Court is persuaded by Defendant's argument that the Plaintiff Wife's derivative claim is subject to dismissal. Moreover, as discussed at length in the Court's April 5, 2012 Opinion, the Plaintiff Wife has failed to comply with the notice requirement of the New Jersey Tort Claims Act, which requires plaintiffs pursuing a claim "relating to a cause of action for death or for injury or damages to person or to property," absent extraordinary circumstances, to present a notice of claim to the defendant "not later than the ninetieth day after accrual of the

cause of action." N.J.S.A. §§ 59:8-8, 59:8-9.[7] All common law tort claims, including both negligence and intentional claims, are subjected to this notice requirement. Velez v. City of Jersey City, 180 N.J. 284, 294, 850 A.2d 1238 (2004). Loss of consortium, as a state common law claim, is subject to this notice requirement. See, e.g., Badalamente v. Monmouth Cty. Prosecutor's Office, No. 08-2501, 2011 U.S. Dist. LEXIS 53457, *30 (D.N.J. May 17, 2011)). The accrual date under the NJTCA is generally the date of the "accident or incident that gave rise to the injury." Beauchamp v. Amedio, 164 N.J. 111, 123, 751 A.2d 1047 (2000).

Plaintiffs offer very few factual allegations in support of the Plaintiff Wife's loss of consortium claim. However, from the Complaint it appears that the Plaintiff Wife's claim accrued when Baklayan's alleged unconstitutional detention commenced on January 8, 2010. This is the date that, according to the Complaint, the St. Louis warrant was recalled, and County Jail began holding Baklayan pursuant to the ICE detainer. Pursuant to the New Jersey Tort Claims Act, the Plaintiff Wife was thus required to present a notice of claim by April 8, 2010. Her claim is therefore barred by the NJTCA notice requirement. N.J.S.A. § 59:8-8(a).

## V. CONCLUSION

For the preceding reasons, Defendants' motion to dismiss is granted, and Counts Four through Seven are dismissed without prejudice. To the extent the deficiencies in such claims can be cured by way of amendment, Plaintiff is granted thirty days to reinstate this matter and file an

---

[7] The NJTCA notice requirement applies only to Count Eight of the Complaint (Plaintiff Wife's state common law loss of consortium claim). The procedural requirements of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, "[do] not apply to federal or state constitutional claims because a state may not abrogate an individual's constitutional rights." Kirkland v. Morgievich, No. 04-1651, 2008 U.S. Dist. LEXIS 101472, at *28 (D.N.J. Dec. 15, 2008) (citing County Concrete Corp. v. Roxbury, 442 F.3d 159, 174 (3d Cir. 2006) and Owens v. Feigin, 394 N.J. Super. 85, 86, 925 A.2d 106 (App. Div. 2007)). The NJTCA does not apply to statutory claims under the New Jersey Civil Rights Act. Owens, 394 N.J. Super. at 97. Nor does the notice requirement apply to claims under the New Jersey Law Against Discrimination. Fuchilla v. Layman, 109 N.J. 319, 337-38, 537 A.2d 652 (1988).

Amended Complaint solely for purposes of amending such claims. Defendants may thereafter Answer, or otherwise move against the Amended Complaint. Count Eight, the Plaintiff Wife's claim for loss of consortium, is barred by the New Jersey Tort Claims Act, and is thus not amenable to cure by amendment. Count Eight is therefore dismissed with prejudice. An appropriate Order accompanies this Opinion. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and federal rules, as well as any scheduling order which may be in place.

DATED: August 15, 2012

**CLAIRE C. CECCHI, U.S.D.J.**